**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 10, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-30212
Summary Calendar

———————————

EDDIE JAMES JONES,

Plaintiff-Appellant,

versus

MAIL ROOM STAFF, ALLEN CORRECTIONAL CENTER,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1840
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eddie James Jones, Louisiana prisoner # 176162, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous and for failure to state a claim upon which relief may

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Jones argues that when the mail room staff at Allen Correctional

Center opened his legal mail which had been returned as

improperly addressed, they violated his right of access to the

courts and hindered his effort to use a procedure for filing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

confidential grievances.  The mail room staff apparently opened Jones' mail when it was returned to the prison because it was improperly addressed.  The prison mail staff did not violate Jones' right of access to the courts by opening his incoming legal mail as prison officials may open incoming legal mail to inspect it for contraband.  See Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993).  Further, Jones did not allege that he was prejudiced in any way in a legal proceeding or prevented from filing another grievance because the mail room staff opened his legal mail.  See Lewis v. Casey, 518 U.S. 343, 349-51 (1996).  Therefore, Jones has not shown that the district court erred in dismissing his complaint.

Jones' appeal is without arguable merit and, therefore, is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of his complaint and the dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g).  Jones is cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.